**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Tajudeen Lasisi,** | ) | |
| **Plaintiff,** | ) | **Case No: 13 C 5293** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Follett Higher Education Group, Inc.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Follett Higher Education Group, Inc. ("Follett") moves to dismiss Tajudeen Lasisi's employment discrimination complaint. For the reasons stated below, the motion to dismiss is granted. Plaintiff has 21 days from the date of entry of this order to file a second amended complaint to the extent he can do so commensurate with his obligations under Federal Rule of Civil Procedure ("Rule") 11. If Plaintiff does not file a second amended complaint by the deadline provided, the case will be dismissed.

**STATEMENT**

Plaintiff alleges that Follett failed to accommodate his disability (he mentions a herniated disc and the adverse effect of medication), retaliated against him because of his disability and fraudulently misrepresented the nature of the position, software analyst/programmer, for which he was hired. (Am. Compl., Dkt. # 1-2, ¶¶ 7, 8, 12.)

Follett first moves to dismiss on the ground that the complaint violates Federal Rules of Civil Procedure ("Rule") 8 and 10 in that it is not a "short and plain statement of the claim," does not set out the claims "in numbered paragraphs, each limited . . . to a single set of circumstances" and each claim is not "stated in a separate count or defense." Fed. R. Civ. P. 8, 10(b). The Court has reviewed Plaintiff's complaint and finds it in compliance with these provisions of Rules 8 and 10.

Therefore, Follett's motion to dismiss on these grounds is denied.

Follett next asserts that Plaintiff's complaint should be dismissed under Rule 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in Plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

The Americans with Disabilities Act ("ADA") prohibits an employer: (1) from making an adverse employment decision, such as termination or denial of benefits, when that decision is based on a qualified individual's actual or perceived disability; or (2) from not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *See* 42 U.S.C. §§ 12112(a), 12112(b)(3)-(5).

To establish a failure to accommodate claim, Plaintiff must show that: 1) he is disabled; 2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) the employer failed to make a reasonable accommodation. *Winsley v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009). The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," a "record of such impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Follett argues that Plaintiff fails to sufficiently allege that he was disabled under the Americans with Disabilities Act. While Plaintiff alleges that he had a herniated back disc and an adverse reaction to medication, he has not alleged that these conditions substantially limit a major

life activity. "Merely having a physical injury or a medical condition is not enough." *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). Therefore, Plaintiff has failed to plead a disability.

Follett also contends that Plaintiff has failed to allege that he was a qualified individual under the ADA. "A qualified individual under the ADA is a person with a disability who is able to perform the essential functions of the job either with or without a reasonable accommodation." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 533 (7th Cir. 2013). Plaintiff alleges only that he was a "[q]ualified individual with a disability" within the meaning of the ADA. (Am. Compl., Dkt. # 1-2, at 3.) But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, the Court notes that while Plaintiff alleges that Follett failed to reasonably accommodate him, he does not allege any facts in support, including, for example, that he requested an accommodation, when he did so, what accommodation he requested or to whom he made the request. *Butler v. E. Lake Mgmt. Grp. Inc.*, No. 10 C 6652, 2013 WL 2112032, at *2 (N.D. Ill. May 15, 2013) (dismissing ADA failure to accommodate claim where plaintiff failed "to plead any facts under the reasonable accommodation part of the ADA, including but not limited to facts suggesting that he requested leave, provided a definite date for his return, requested an accommodation for his injured knee, and, most importantly, that Defendant rejected a request for accommodation"). For these reasons, the Court grants Follett's motion to dismiss the failure to accommodate claim.

Plaintiff also appears to be alleging that Follett retaliated against him based on his purported disability when it put him on a performance improvement plan ("PIP") and terminated him. To state a claim for retaliation under the ADA, "a plaintiff must allege: 1) a statutorily protected activity; 2) an adverse employment action; and 3) a causal link between the protected activity and the employer's

action." *Mounts v. United Parcel Serv. of Am., Inc.*, No. 09 C 1637, 2009 WL 2778004, at *4 (N.D. Ill. Aug. 31, 2009). Complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007). Plaintiff again conclusorily pleads that he was put on the PIP "in retaliation for requesting accommodation" and was terminated after he "said that he will fill [sic] charges with the EEOC." (Am. Compl., Dkt. # 1-2, at 7.) But Plaintiff fails to support these allegations with any facts. Therefore, he has failed to state a claim for retaliation under the ADA.

Finally, Plaintiff appears to allege a state law claim for fraudulent misrepresentation by alleging that Follett misled him into thinking he would be required to perform only minimal computer support services and was primarily being hired as a computer programmer/software analyst. (*Id*. at 8-9.) Plaintiff claims he relied on these representations when he took the job and that the position actually required "about 50 percent software support and customer support type activity." (*Id*. at 8.) To state a claim for fraudulent misrepresentation, a plaintiff must allege "(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance." *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166 (Ill. App. Ct. 2009) (citation and internal quotation marks omitted). Follett asserts that Plaintiff has failed to plead any damage and that Plaintiff has pled himself out of court as he alleges that he knew the position would require him to perform some computer support work; thus, the fact that he had to perform more that he thought cannot constitute fraud.

But, the Court construes Plaintiff to be alleging a claim of promissory fraud, which is a "false

statement of intent regarding future conduct," rather than a false statement of material fact. *Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853 (7th Cir. 2007). Promissory fraud "is generally not actionable under Illinois law unless the plaintiff also proves that the act was a part of a scheme to defraud." *Id*. In order to establish a scheme to defraud, Plaintiff must demonstrate that "the [alleged] misrepresentation is embedded in a larger pattern of deception or the deceit is particularly egregious." *JP Morgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 865 (7th Cir. 2013). The Court notes that the Seventh Circuit has stated that "the burden on a plaintiff claiming promissory fraud is deliberately high," "[i]n order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent—a scheme or device," and that "[i]f he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992) (citation and internal quotation marks omitted).

Plaintiff alleges no facts supporting a larger pattern of deceit or a particularly egregious deceit. Moreover, because Plaintiff alleges fraud, he is subject to the more stringent pleading requirements under Rule 9(b), which requires the Plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b)'s pleading threshold, Plaintiff must detail "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Plaintiff fails to allege these facts.

For these reasons, Follett's motion to dismiss [21] is granted. Plaintiff has 21 days from the date of entry of this order to file a second amended complaint to the extent he can do so

commensurate with his obligations under Rule 11. If Plaintiff does not file a second amended complaint by the deadline provided, the case will be dismissed.

**Date**: February 14, 2014

Ronald A. Guzmán

**Ronald A. Guzmán**
**United States District Judge**