**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TAJUDEEN LASISI )<br>    Plaintiff, )<br> )<br>v. )<br>FOLLETT HIGHER EDUCATION )<br>GROUP, INC., )<br> )<br>    Defendants. )<br> ) | Case No. 2013 C 5293<br><br>Judge Ronald Guzman<br>Magistrate Judge Finnegan |

**DEFENDANT'S MOTION FOR RULE TO SHOW CAUSE AND FOR SANCTIONS**

NOW COMES the Defendant, FOLLETT HIGHER EDUCATION GROUP, INC., and now moves this Court for an order to issue for the Plaintiff to show cause why he should not be held in contempt of Court and for sanctions as appropriate, and in support thereof states as follows:

1. On December 13, 2013, the parties appeared before the Court for status hearing. Docket at Doc. 17.

2. At that hearing the Court entered a briefing schedule on the Defendant's motion to dismiss. The Defendant's motion, with memorandum, was filed on December 18, 2013 and served on the Plaintiff that same day.

3. The Plaintiff was ordered to file a response on January 21, 2014, but failed to do so.

4. The Court dismissed the Plaintiff's case with leave to file an amended complaint and the Plaintiff filed his Second Amended Complaint on March 11, 2014. Docket at 35.

5. Discovery was ordered closed on March 13, 2014. See Docket at 16.

6. In the interim, on December 17, 2013, Judge Guzman referred this matter to Magistrate Judge Finnegan for supervision of discovery. Docket at 16.

7. On December 17, 2013 the Defendant issued its Interrogatories and notice of deposition to the Plaintiff.

8. On January 8, 2014 the Defendant issued its Request for Production of Documents to the Plaintiff.

9. On January 22, 2014 counsel for the Defendant sent a letter to the Plaintiff advising that the Interrogatories were overdue and that responses were need by January 27, 2014.

10. On January 29, 2014 counsel for the Defendant telephoned the Plaintiff to discuss resolution of the discovery production issues and to determine whether the Plaintiff was refusing to submit to a deposition. The Plaintiff did not answer the phone and counsel left a message on Plaintiff's voicemail. As of January 31, 2014, counsel for the Defendant had not received any response and the Defendant filed a motion to compel.

11. On February 6, 2014 a hearing was held on the Defendants motion to compel. The Plaintiff failed to appear and the Court entered an order directing the Plaintiff to provide answers to the interrogatories and requests for production of documents, and to make himself available on a date certain for deposition on or before February 20, 2014. Docket at 33.

12. The Plaintiff has failed to comply with the Court's order in that he has not produced any of the requested documents, has not answered the interrogatories and has not made himself available for deposition on a date certain.

13. This matter is currently set for status before Judge Ronald Guzman on April 2, 2014.

14. Discovery was closed on March 13, 2014, and the Plaintiff has willfully delayed and obstructed the orderly completion of discovery in this matter and has deprived the Defendant of the opportunity to examine the Plaintiff and any of his witness (which were

never disclosed), and has refused to provide answers to timely served interrogatories and requests for production.

15. The Plaintiff has filed repeated and frivolous motions in this matter and in spite of warnings from this Court, has repeatedly failed to appear for scheduled hearings, failed to appear for scheduled depositions and has refused to comply with this Court's February 6, 2014 order.

16. Under these circumstances and in light of the Plaintiff's repeated refusal to comply with the Court's directives, a sanction is appropriate.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court issue an order to show cause why he should not be held in contempt of this Court's orders, and as a sanction for his contempt, barring the Plaintiff from testifying in this case or presenting any undisclosed evidence, or in the alternative, to issue a monetary sanction in an amount to compensate the Defendant in defense of this action, or dismissal as a sanction consistent with FRCP 37, and for all other relief just and proper in the premises.

Respectfully submitted,
Andreou & Casson, Ltd.

By: */s/ Luke A. Casson*
     LUKE A. CASSON

Andreou & Casson, Ltd.
Attorney No. 172492
Andreou & Casson, Ltd.
661 West Lake St., Suite 2N
Chicago, Illinois 60661
312.935.2000/ 312.935.2001